# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAE HWANG KIM, | |
| Plaintiff, | Case No. 1:15-cv-9127 |
| v. | |
| HELEN KIM HOPFAUF, | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Helen Kim Hopfauf ("Defendant") allegedly employed Plaintiff Jae Hwang Kim ("Plaintiff") at Sunshine Cleaners in Grayslake, Illinois. Plaintiff claims that Defendant failed to pay him proper wages and thus Plaintiff filed suit under both the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL"). Defendant has moved for partial summary judgment, arguing that this Court is not empowered to consider Plaintiff's FLSA claims. [20] at 1-2. For the reasons discussed below, Defendant's motion is denied.

## I.    Background[1]

Plaintiff ostensibly worked for Defendant at Sunshine Cleaners in Grayslake, Illinois from February 2015 through October 2015. [23-2] at 1. It is undisputed

---

[1] Docket entry [22] refers to Defendant's statement of facts. Docket entry [23-3] contains Plaintiff's responses to Defendant's statement of facts. Plaintiff's opposition to Defendant's motion is supported by his declaration [23-2] and three invoices issued by out-of-state businesses to Sunshine Cleaners [23-1], rather than the usual statement of additional material facts that cites to relevant evidence. This is improper under both the relevant Local Rule and this Court's Standing Orders. In the interests of justice and judicial economy, however, the Court will consider Plaintiff's declaration and these invoices when evaluating the present motion.

that in 2015, Sunshine Cleaners had a gross sales volume less than $500,000. [23-3] at 2.

Plaintiff claims that his job responsibilities included operating the cash register, regularly processing customers' credit cards, and telephonically ordering "dry cleaning supplies 2-3 times from Cleaner's Supply in Conklin, New York." [23-2] at 2. Plaintiff also alleges that he received the material ordered from Cleaner's Supply, and regularly used those materials while employed at Sunshine Cleaners. *Id.*

## II. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.,* 743 F.3d 524, 528 (7th Cir. 2014).

2

## III. Analysis

### A. Plaintiff's Interrogatory Response

Defendant argues that when analyzing the present motion, the Court should not consider Plaintiff's allegations regarding his interactions with Cleaner's Supply in New York, because Plaintiff failed to relay those contentions during discovery. Defendant's argument relies upon the following interrogatory: "With respect to paragraph 20 of the Plaintiff's Complaint, what is the basis of your allegation that the Sunshine Cleaners was engaged in interstate commerce?" [22-3] at 5. Plaintiff's response, in full, reads: "Because it accepts credit card [sic]." *Id.* Plaintiff has never amended this response. *Id.*

The general purpose of the Federal Rules of Civil Procedure is to promote liberal discovery in an effort to narrow the issues for trial and to prevent unfair surprise. To advance this purpose, Rule 26(e)(1) imposes a duty upon all parties to amend and supplement previous discovery responses if a prior response is known to be incomplete or incorrect. No motion to compel is necessary to trigger this obligation to supplement. *See, e.g., Alldread v. City of Grenada,* 988 F.2d 1425, 1436 (5th Cir. 1993) ("Rule 26 imposes no requirement, express or implied, that a motion to compel precede a court's imposition of a sanction . . . for failure to supplement."). A party need not supplement its answers to prior discovery, however, if the information has "otherwise been made known" during the discovery process. Fed. R. Civ. P. 26(e)(1)(A).

3

Plaintiff's failure to supplement his interrogatory responses is inconsistent with the spirit of Rule 26. That said, Defendant already had access to this information, because Defendant (not Plaintiff) previously produced the Cleaner's Supply invoice Plaintiff now relies upon. Because the information at issue had "otherwise been made known" to Defendant, the Court will consider Plaintiff's interactions with Cleaner's Supply when evaluating Defendant's motion for summary judgment.

B.  **Individual Coverage**

An employee can fall under the purview of the FLSA in multiple ways, but Plaintiff concedes that only one of these possibilities is implicated here: "individual" or "traditional" coverage. Under this standard, the FLSA covers an employee if that employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a). Plaintiff further acknowledges that he was not engaged in the "production of goods," so the only remaining question is whether he was "engaged in commerce."

In enacting the FLSA, "Congress intended only to regulate activities that *constituted* interstate commerce, not activities merely *affecting* commerce." *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10-cv-1452, 2010 WL 3171515, at *4 (N.D. Ill. Aug. 11, 2010) (emphasis in original). The "test for individual coverage is whether the employee's work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Martinez v. Manolos Tamales, Inc.*, No.

4

14-cv-9686, 2015 WL 5144024, at *1 (N.D. Ill. Aug. 31, 2015) (internal quotation omitted). The Department of Labor has previously explained that employees are "individually covered under the FLSA if, in the performance of their duties," they "regularly handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources." U.S. Dep't of Labor, Opinion Letter (March 5, 1999).

Plaintiff has maintained, from his interrogatory responses through his deposition to his present declaration, that he regularly processed credit card transactions on behalf of Sunshine Cleaners. [22] at 2; [23-2] at 2. Indeed, Plaintiff claims to have "processed credit card transactions at least 10 times a day." [23-2] at 2. While the Seventh Circuit has never squarely addressed this issue, according to the Department of Labor, regularly engaging in "banking or credit card transactions" remains sufficient to implicate individual coverage under the FLSA. U.S. Dep't of Labor, Opinion Letter (March 5, 1999). Other federal courts have relied upon this guidance from the Department of Labor to conclude that regularly processing credit card purchases brings an employee within the FLSA's ambit, and this Court is similarly persuaded. *Compare Kim v. Kum Gang, Inc.*, No. 12-cv-6344, 2015 WL 2222438, at *22 n.48 (S.D.N.Y. Mar. 19, 2015) ("Plaintiffs . . . reported that as part of their job they were required to process credit-card payments for guests and apparently did so with some regularity and frequency. That testimony was likely sufficient to satisfy the requirement that the employee's involvement in commerce was regular or recurring, and hence sufficient to trigger individual

5

coverage.") *with Rivas v. Marcelo Hand Car Wash Inc.*, No. 10-cv-1396, 2010 WL 4386858, at *1 (N.D. Ill. Oct. 28, 2010) (granting summary judgment as "there are no facts to suggest that *plaintiff* was among the employees who [engaged in credit card transactions], and whether other employees may have done so is irrelevant to the issue of individual coverage.") (emphasis in original).

*Thorne v. All Restoration Services, Inc.*, the principal case relied on by Defendant, is not to the contrary. 448 F.3d 1264 (11th Cir. 2006). The plaintiff in *Thorne* argued that he was engaged in interstate commerce when he used a credit card "to transact business, and also when he purchased goods which had traveled in interstate commerce." *Id.* at 1267. The Eleventh Circuit found this bare contention insufficient to give rise to FLSA coverage. *Id.* ("Even assuming, without deciding, that credit card transactions alone could constitute an instrumentality of interstate commerce, [the plaintiff] did not produce sufficient evidence of interstate activity," because he "did not produce evidence that he corresponded with merchants outside the state . . . using mail, phone or fax, nor did he produce evidence that he made purchases of goods from out-of-state vendors.").

Here, in contrast to *Thorne*, Plaintiff ostensibly engaged in interstate commerce over and above the processing of credit card transactions. Plaintiff explicitly contends in his declaration that he telephonically contacted Cleaner's Supply in New York, purchased products from Cleaner's Supply, and received products from Cleaner's Supply through interstate commerce. [23-2] at 2.

6

In sum, Plaintiff has adduced cognizable evidence suggesting that: (1) he purchased goods through interstate commerce, from out-of-state sources; and (2) he regularly processed credit card transactions. In light of this evidence, a reasonable factfinder could infer that Plaintiff was "engaged in commerce."

## IV. Conclusion

For the foregoing reasons, Defendant's motion for partial summary judgment [20] is denied.

Dated: January 10, 2017

Entered:

_____
John Robert Blakey
United States District Judge